# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | |
| SOUTHERN AIR HOLDINGS, INC., et al., | : | |
| | : | Case No. 12-12690-CSS |
| Debtor. | : | Chapter 11 |
| _____ | : | (Jointly Administered) |
| | : | |
| BARRY E. MUKAMAL, as Litigation, | : | |
| Trustee for the SAI Litigation Trust, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 4-50745-CSS |
| | : | |
| DIVERSIFIED AERO SERVICES, INC., a | : | |
| Florida corporation, | : | |
| | : | |
| Defendant. | : | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY DEFENDANT DIVERSIFIED AERO SERVICES, INC.

Defendant Diversified Aero Services, Inc., ("Defendant"), by and through the undersigned counsel, for its Answer to the Complaint of Barry E. Mukamal, as Litigation, Trustee for the SAI Litigation Trust, solely in its capacities as indenture trustee and collateral agent for the Senior Secured Notes and not in its individual capacity, ("Plaintiff"), states as follows:

### NATURE OF THE CASE

1. This paragraph does not contain any allegation which Defendant is required to affirm or deny. Defendant leaves Plaintiff to its proofs.

### JURISDICTION AND VENUE

2. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

14433345v.1

3. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

4. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

5. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

6. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

## **PROCEDURAL BACKGROUND**

7. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

8. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

9. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

10. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

14433345v.1

## THE PARTIES

11. This paragraph does not contain any allegation which Defendant is required to affirm or deny. Defendant leaves Plaintiff to its proofs.

12. Admitted.

## FACTUAL BACKGROUND

13. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

14. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

15. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the Defendant, on account of which Debtor was indebted to the Defendant. Defendant lacks sufficient information to affirm or deny the check clear dates set forth of Exhibit "A" to the Complaint. Defendant leaves Plaintiff to its proofs as to whether Exhibit "A" to the Complaint is an accurate and complete record of the Defendant's dealings with Debtor. Defendant leaves Plaintiff to its proofs as to whether the "Agreements," as that term is defined in the Complaint, constitute an accurate and complete record of the Defendant's dealings with Debtor. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

16. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the

Defendant, on account of which Debtor was indebted to the Defendant. Defendant leaves Plaintiff to its proofs as to the "Agreements," as that term is defined in the Complaint, constitute an accurate and complete record of the Defendant's dealings with Debtor. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

17. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the Defendant, on account of which Debtor was indebted to the Defendant. Defendant lacks sufficient information to affirm or deny the check clear dates set forth of Exhibit "A" to the Complaint. Defendant leaves Plaintiff to its proofs as to whether Exhibit "A" to the Complaint is an accurate and complete record of the Defendant's dealings with Debtor. Defendant leaves Plaintiff to its proofs as to whether the "Agreements," as that term is defined in the Complaint, constitute an accurate and complete record of the Defendant's dealings with Debtor. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

18. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

19. This paragraph does not contain any allegation which Defendant is required to affirm or deny.

14433345v.1

# CLAIMS FOR RELIEF
## COUNT I
### (Avoidable Transfers -- 11 U.S.C. § 547)

20. Defendant hereby incorporates by reference its answers contained in all prior paragraphs as if fully set forth herein.

21. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the Defendant, on account of which Debtor was indebted to the Defendant. Defendant lacks sufficient information to affirm or deny the check clear dates set forth of Exhibit "A" to the Complaint. Defendant leaves Plaintiff to its proofs as to whether Exhibit "A" to the Complaint is an accurate and complete record of the Defendant's dealings with Debtor. Defendant leaves Plaintiff to its proofs as to whether the "Agreements," as that term is defined in the Complaint, constitute an accurate and complete record of the Defendant's dealings with Debtor. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

22. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

23. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

24. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the Defendant, on account of which Debtor was indebted to the Defendant. Defendant lacks

sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

25. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

26. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegations set forth in this paragraph.

27. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

28. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Debtor transacted business with the Defendant, on account of which Debtor was indebted to the Defendant. Defendant lacks sufficient information to affirm or deny the check clear dates set forth of Exhibit "A" to the Complaint. Defendant leaves Plaintiff to its proofs as to whether Exhibit "A" to the Complaint is an accurate and complete record of the Defendant's dealings with Debtor. Defendant leaves Plaintiff to its proofs as to whether the "Agreements," as that term is defined in the Complaint, constitute an accurate and complete record of the Defendant's dealings with Debtor. Defendant lacks sufficient information to affirm or deny the balance of the factual allegations set forth in this paragraph.

29. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

## COUNT II
### (Recovery of Avoided Transfers -- 11 U.S.C. § 550)

30. Defendant hereby incorporates by reference its answers contained in all prior paragraphs as if fully set forth herein.

31. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

32. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

33. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

34. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

35. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

## COUNT III
## (Disallowance of Claims -- 11 U.S.C. § 502(d) and (j))

36. Defendant hereby incorporates by reference its answers contained in all prior paragraphs as if fully set forth herein.

37. The allegations set forth in this paragraph constitute legal conclusions to which no answer is required.

38. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Defendant lacks sufficient information to affirm or deny any factual allegation set forth in this paragraph. Investigation is ongoing.

39. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. Admitted that Defendant has not paid the amount demanded by Plaintiff. Denied that Defendant is legally obligated to pay any amount to Plaintiff. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

40. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

41. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

42. To the extent that the allegations set forth in this paragraph state a legal conclusion, no responsive pleading is required. To the extent that the balance of the allegations set forth in this paragraph state a factual averment, Denied.

14433345v.1

WHEREFORE, Defendant respectfully requests: (A) judgment dismissing the Complaint with prejudice or (B) upon trial of this matter, judgment denying all relief requested by the Plaintiff and (C) such other and further relief as this Court deems just and equitable.

## RESERVATION OF RIGHTS

Defendant gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery and reserves its right to assert any additional defenses.

WHEREFORE, Defendant respectfully requests: (A) judgment dismissing the Complaint with prejudice or (B) upon trial of this matter, judgment denying all relief requested by the Plaintiff and (C) such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff may not avoid any alleged transfer to Defendant to the extent such alleged transfer was intended by the Debtors and the Defendant to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the Debtors; and was in fact a substantially contemporaneous exchange pursuant to 11 U.S.C. § 547(c)(1).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may not avoid any alleged transfer to Defendant to the extent such alleged transfer was made in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant, were made in the ordinary course of business or financial affairs of the Debtors and Defendant, and were made according to ordinary business terms, and accordingly are not avoidable pursuant to 11 U.S.C. §547(c)(2).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff may not avoid any alleged transfer to the extent the Defendant subsequently gave new value to or for the benefit of the Debtors which was not secured by an otherwise

unavoidable security interest and on account of which new value the Debtors did not make an otherwise avoidable transfer to or for the benefit of Defendant, the alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(4).

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff is precluded from asserting these claims to the extent that Defendant was a mere conduit, holding said funds in trust for a third-party and thus not an initial transferee pursuant to 11 U.S.C. §547.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Debtors were solvent when any alleged transfer was made, the Plaintiff may not avoid said transfers under the bankruptcy code.

## SIXTH AFFIRMATIVE DEFENSE

To the extent: (i) the Debtors objected to any claim filed by Defendant; or (ii) Defendant has a scheduled claim, a valid proof of claim or is entitled to an administrative claim against the Debtors' estates, the Plaintiff may not avoid the alleged transfers to Defendant, and Defendant expressly reserves its rights to set-off any of its claims against the alleged transfers.

## SEVENTH AFFIRMATIVE DEFENSE

Any attempted disallowance under 11 U.S.C. §502(d) of any claim held by Defendant against Debtor must fail to the extent that Plaintiff lacks the power to avoid and recover any transfer under 11 U.S.C. §§ 547 - 550.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff may not avoid any alleged transfer to Defendant to the extent any of the alleged transfers were not made within the ninety days prior to the Petition Date.

## NINTH AFFIRMATIVE DEFENSE

Any claim for recovery against Defendant under 11 U.S.C. § 550 must fail to the extent that Plaintiff lacks the power to avoid any transfer under 11 U.S.C. § 547(b).

14433345v.1

## TENTH AFFIRMATIVE DEFENSE

To the extent applicable Defendant hereby incorporates by reference all Affirmative Defenses set forth in the Federal Rule of Civil Procedure No. 8 and pursuant to Federal Rule of Bankruptcy Procedure 7008.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is estopped from asserting these claims to the extent that the transactions complained of benefited the Debtors and were affirmed and completed with the Debtors' knowledge, agreement or acquiescence.

WHEREFORE, Defendant respectfully requests: (A) judgment dismissing the Complaint with prejudice, (B) or upon trial of this matter, judgment denying all relief requested by the Plaintiff and (C) such other and further relief as this Court deems just and equitable.

**WHITE AND WILLIAMS LLP**

*/s/ James S. Yoder*
James S. Yoder (DE Bar 2643)
824 N. Market Street, Suite 902
Wilmington, DE 19801
Phone: (302) 467-4524
Facsimile: (302) 467-4554

Date: October 22, 2014         *Attorney for Defendant*